# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY K. WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:12-CV-205-VEH** |
| | ) | |
| **VIVIER PHARMA** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Plaintiff Kimberly K. White ("Ms. White") initiated this job discrimination lawsuit arising under Title VII of the Civil Rights Act of 1964 and state law against Defendant Vivier Pharma Corporation ("Vivier") on January 19, 2012.  (Doc. 1). Pending before the court is Vivier's Motion To Dismiss Counts Two, Three, and Four of Plaintiff's Complaint (Doc. 7) (the "Motion") filed on February 27, 2012.

Ms. White filed her opposition (Doc. 9) to the Motion on March 12, 2012.  On March 19, 2012, Vivier followed with its reply.  (Doc. 10).  Accordingly, the Motion is now under submission, and, for the reasons explained below, is **GRANTED** as to the dismissal of count two only, and is otherwise **DENIED**.

## II.     Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47).  However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, 129 S. Ct. at 1950.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.  "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III.   Analysis

Ms. White's complaint contains four counts. (Doc. 1 at 7-12). In its Motion, Vivier seeks a dismissal of count two for breach of contract, count three for negligent and wanton hiring, training, supervision and retention, and count four for invasion of privacy. (Doc. 7 at 1). The court addresses the merits of the Motion with respect to each challenged count below.

### A.   Count Two

Both parties are in agreement that Ms. White's breach of contract claim arises under New York law. (Doc. 7-1 at 7 ¶ 13; Doc. 9 at 6; Doc. 10 at 2). Vivier suggests that Ms. White's breach of contract claim must fail under New York law because her

"Employment Agreement" indicates that she is an "at will" employee and lacks a defined duration or contractual period. (Doc. 7-1 at 3 ¶ 3; Doc. 10 at 2). In making its point, Vivier relies upon the New York Court of Appeals controlling decision of *Sabetay v. Sterling Drug, Inc.*, 506 N.E. 2d 919 (N.Y. 1987).

In *Sabetay*, the court rejected the former employee's breach of contract claims because, the plaintiff had "failed to demonstrate a limitation by express agreement on his employer's unfettered right to terminate at will . . . ." 506 N.E.2d at 923. Ms. White does not dispute *Sabetay*'s holding. Instead, she attempts to maintain that her contractual claim should survive on the doctrine of "an implied-by-law covenant to act fairly and in good faith in the course of performing the contract." (Doc. 9 at 6).

However, *Sabetay* also reaffirms its prior ruling in *Murphy v. American Home Prods. Corp.*, 448 N.E.2d 86 (N.Y. 1983), "refus[ing] to adopt the implied covenant of good-faith analysis recognized in some jurisdictions [in the employment context]." 506 N.E.2d at 922. As the *Sabetay* court summarized its *Murphy* holding:

> We rejected plaintiff's invitation to find an implied covenant of good faith in the employment contract. In so ruling, we distinguished an employment contract from other types of contract where the implied-in-law theory has been adopted. Noting that a covenant of good faith can be implied only where the implied term is consistent with other mutually agreed upon terms in the contract, we stated: "New York does recognize that in appropriate circumstances an obligation of good faith and fair dealing on the part of the party to a contract may be implied and, if implied, will be enforced. In such instances the implied

obligation is in aid and furtherance of other terms of the agreement of the parties. No obligation can be implied, however, which would be inconsistent with other terms of the contractual relationship in which the law accords the employer an unfettered right to terminate employment at any time. In the context of such an employment it would be incongruous to say that an inference may be drawn that the employer impliedly agreed to a provision which would be destructive of his right of termination to imply such a limitation from the existence of an unrestricted right would be internally inconsistent." Lastly, we concluded that Murphy had failed to establish an express limitation on the employer's right of discharge under the strict guidelines established in *Weiner*.

*Sabetay*, 506 N.E.2d at 922 (citations omitted).

Thus, contrary to Ms. White's opposition, New York has expressly rejected the recognition of a cause of action for breach of an implied covenant of good faith <u>in the area of employment law</u>. Moreover, Ms. White has offered no other theory under New York law to save her contractual claim from dismissal. Accordingly, Vivier's Motion is **GRANTED** as to count two of her complaint.

### B. Count Four

Vivier argues that Ms. White's invasion of privacy claim is inadequately pled. (Doc. 7 at 7 ("Thus, Plaintiff apparently claims that Vivier Pharma committed three of the four potential wrongs encompassed by the invasion of privacy tort. However, there are no facts plead in her Complaint to support these assertions.")). Ms. White responds that Vivier improperly asks the court to make factual determinations in its

5

favor in the context of Rule 12(b)(b) evaluation.  (Doc. 9 at 7).

The court has studied both parties' arguments, as well as Ms. White's invasion of privacy allegations set out in her Compliant.  The court concludes that Ms. White has alleged enough to survive a Rule 12(b)(6) challenge.  In particular, just because Ms. White "cites no cases supporting a finding of invasion of privacy under facts similar to those in this case" (*see* Doc. 10 at 4), this omission does not establish that she has failed to state a claim.  Indeed, it is Vivier's burden, as the movant, to persuade this court that the facts asserted by Ms. White do <u>not</u> plausibly support an invasion of privacy claim under Alabama law.

Additionally, the court believes that dismissing Ms. White's invasion of privacy claim on such an underdeveloped record would be premature and inappropriate.  In particular, none of the Supreme Court of Alabama authorities relied upon by Vivier appears to have been decided on a Rule 12(b)(6) record.  *See, e.g.,* *Hogin v. Cottingham*, 533 So. 2d 525, 526 (Ala. 1988) (reviewing Rule 56 record); *Phillips v. Smalley Maint. Servs., Inc.*, 435 So. 2d 705, 706-07 (Ala. 1983) (answering certified questions from the Eleventh Circuit Court of Appeals after jury had returned verdict in favor of plaintiff on invasion of privacy claim at district court level); *Rosen v. Montgomery Surgical Ctr.*, 825 So. 2d 735, 736 (Ala. 2001) (reviewing Rule 56 record); *McIsaac v. WZEW-FM Corp.*, 495 So. 2d 649, 649 (Ala. 1986) (reviewing

Rule 56 record); *Stevenson v. Precision Standard, Inc.*, 762 So. 2d 820, 821 (Ala. 1999) (reviewing jury verdict and trial record); *Ex parte Birmingham News, Inc.*, 778 So. 2d 814, 815 (Ala. 2000) (reviewing jury verdict and trial record); *Butler v. Town of Argo*, 871 So. 2d 1, 5 (Ala. 2003) (reviewing jury verdict and trial record); *Schifano v. Greene Cnty. Greyhound Park, Inc.*, 624 So. 2d 178, 179 (Ala. 1993) (reviewing Rule 56 record).

Accordingly, Vivier's Motion is **DENIED** with respect to count four.

## C.    Count Three

Vivier contends that Ms. White's claim for negligent and wanton hiring, training, supervision, and retention is due to be dismissed "because she does not plead, and cannot establish, an underlying Alabama state law tort upon which her negligence claim is based." (Doc. 7 at 4).  In opposition, Ms. White does not dispute Vivier's characterization of a negligent hiring claim under Alabama law and instead states that she "has pled the separate torts of the invasion of privacy and breach of contract" in support of count three.  (Doc. 9 at 7).

As analyzed above, while the court has dismissed Ms. White's breach of contract claim, it has denied the Motion with respect to her invasion of privacy claim. Therefore, count three will also survive Vivier's failure to state a claim challenge. (*Cf.* Doc. 10 at 6 ("Plaintiff presumably may base her negligence claim on an alleged

invasion of privacy, but, as set forth in Section B, she has failed to demonstrate that any Vivier Pharma employee committed the invasion of privacy tort.")).

However, because the substance of count three only incorporates Ms. White's breach of contract allegations (*see* Doc. 1 at 9 ¶ 39), the court will require Ms. White to replead her complaint in a manner in which her negligent hiring claim incorporates her invasion of privacy allegations.

## IV.    Conclusion

Accordingly, for the reasons explained above, Vivier's Motion is **GRANTED** as to the dismissal of count two only, and is otherwise **DENIED**.  Further, Ms. White is **HEREBY ORDERED** to replead her complaint no later than April 30, 2012, consistent with the above rulings.

**DONE** and **ORDERED** this the 19th day of April, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge